Jeffrey K. Brown, State Bar No. 162957
jkb@paynefears.com
Jenna M. Wysong, State Bar No. 307091
jmw@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant
HARVEST MANAGEMENT SUB LLC

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN DURANTE, an individual, and BARBARA ELIN WRIGHT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HARVEST MANAGEMENT SUB LLC, a Delaware corporation, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:16-cv-03206-CAS-JPRx<br>Assigned to Judge Christina A. Snyder<br><br>**STIPULATION AND AGREED PROTECTIVE ORDER**<br><br>Action Filed: March 4, 2016<br>Trial Date: None Set |

# STIPULATION AND AGREED PROTECTIVE ORDER

This revised Protective Order implements the changes requested by the Magistrate Judge in the Court's Minute Order dated January 20, 2017. No other changes have been made to this document.

IT IS HEREBY STIPULATED by and between Plaintiffs Susan Durante and Barbara Elin Wright ("Plaintiffs"), on the one hand, and Defendant Harvest Management Sub, LLC ("Defendant"), on the other hand, through their respective attorneys of record, that a Protective Order may be entered by the Court as follows:

1. The parties acknowledge that discovery will require disclosure of information that is private and personal or confidential. As a result, the parties agree that they will be required to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information.

2. This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information designated as "Confidential."

3. Any person designating documents, testimony, or other information as "Confidential" ("Designating Party") hereunder asserts that he or she believes in good faith that such material is Confidential Information which is not otherwise available to the public generally.

4. Designation of a document as "Confidential" shall be made by stamping or writing "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must identify the protected portion(s) (e.g., by making appropriate markings in the margins).  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Only the specific portions of a document that a party believes in good faith deserve protection may be designated as "Confidential."

5. Designation of a deposition or other discovery-related testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony.  The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order.  Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance.  The parties shall instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "Confidential."  Portions of such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as appropriate.

6. No Confidential Information shall be disclosed by anyone receiving such information and bound by this order ("Receiving Party") to anyone other than those persons designated herein, and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information and bound by this order for any business, commercial or competitive purpose or for any

purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

7. Unless otherwise ordered by the Court or permitted in writing by the Designating Party or non-party, a Receiving Party shall not disclose any information or item designated as "Confidential" to any other person except to:

   a. Attorneys of record for the parties and their respective associates, clerks and employees directly involved in the conduct of this litigation;

   b. The parties hereto;

   c. The Court and its personnel;

   d. Court reporters and their staff, provided further that Confidential Information filed with the Court shall be sealed subject to release only by order of the Court or agreement of counsel (any party seeking to file Confidential Information under seal must comply with Local Rule 79-5);

   e. Expert witnesses retained to assist counsel in this litigation;

   f. The author of the document or the original source of the information;

   g. Any deposition or discovery hearing witness in this litigation;

   h. Any mock jury participant; and

   i. Any other person with the prior written consent of the party who has designated such information as "Confidential" or pursuant to an order of the Court.

8. The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in paragraphs 7(a)–(i) above.

9.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Part must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached to the Stipulation as Exhibit A.

10.     Any party that wishes to challenge the designation of a document or other information as "Confidential" may, for good cause, bring a motion before the Court requesting that the Court deny the designation of any document or information as "Confidential."  Any such motion must be filed in full compliance with Local Rule 37.  The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court.  Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

11.     The provisions of this Protective Order shall continue in effect until otherwise ordered by the Court, after notice and an opportunity to be heard is afforded to the parties to this action.  The final determination or settlement of this action shall not relieve any person who has agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder.  Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall retain their "Confidential" designation and be destroyed after the requisite period under the law.

12. The provisions of this Protective Order shall apply only to discovery proceedings.  This Protective Order does not govern the use of Confidential Information at trial or in nondiscovery proceedings.  Any use of Confidential Information at trial or in nondiscovery proceedings shall be governed by the trial judge. The parties hereby reserve their right to use, or seek to limit the disclosure of, Confidential Information at any such hearing or trial.

13. Nothing in this Protective Order shall limit the use by any party, person or entity of his, her or its own proprietary document or information for purposes other than this litigation even if such documents or information have been designated as "Confidential."

14. This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.  Any such motion must be filed in full compliance with Local Rule 37.

15. Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has agreed to this Protective Order, shall be bound by the terms hereof.

16. The parties hereto, and all other persons who agree to be bound by this Protective Order, agree that any party or other person injured by a violation of this Protective Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy.  In the event any person shall

violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.  In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.  Any persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Protective Order, including but not limited to issuing an injunction.  In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

17.   Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential;" or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

In the event the Court does not issue this Protective Order, the parties hereby agree that the terms of the Stipulation are binding on the parties, except for those sections which require the Court's approval.

**IT IS SO STIPULATED.**

DATED: February 1, 2017  PAYNE & FEARS LLP

By: /s/ *Jenna M. Wysong*
JEFFREY K. BROWN
JENNA M. WYSONG

Attorneys for Defendant
HARVEST MANAGEMENT SUB LLC

DATED: February 1, 2017  HARDIN & LOTT, APC

By: /s/ *James B. Hardin*
JAMES B. HARDIN

Attorneys for Plaintiffs
SUSAN DURANTE and BARBARA ELIN WRIGHT

DATED: February 7, 2017

_____
Jean P. Rosenbluth
U.S. Magistrate Judge

4847-8634-4512.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100